GOFFE, Appellant, vs. BOND, imp., Respondent.

*September 20 — October 11, 1887.*

*Foreclosure of tax certificate: Limitation of actions.*

The holder of a tax certificate upon occupied premises who elects, under sec. 1181, R. S., to foreclose the same by action, instead of taking a deed, although he need not give the notice required by sec. 1175, R. S., must yet commence his action while he is still in a position to demand and obtain a tax deed, that is, before the time to give such notice has expired.

APPEAL from the Circuit Court for *Kenosha* County.

Action to foreclose a tax certificate. The land described therein was sold to the plaintiff for nonpayment of taxes, and the certificate duly issued to him on such sale, May 11, 1880. This action was commenced May 7, 1886.

The facts found by the circuit court (and they are not disputed), in addition to those above stated, are that the land described in the certificate had been occupied continuously for more than fifteen years before the action was commenced, and was so occupied at that time, by the defendant *Thomas D. Bond*, as the residence of himself and family; and that no notice of application for a tax deed thereof upon such certificate was ever served upon said *Bond*.

On these facts the court found its conclusion of law that the plaintiff's complaint be dismissed, and judgment was

accordingly entered dismissing the same, with costs. The plaintiff appeals from such judgment.

The case was submitted for the appellant upon the brief of *Myron A. Baker*, and for the respondent on that of *Quarles & Stebbins*.

For the appellant it was contended that the limitation of the action by sec. 1181, R. S., is in no way dependent upon or affected by the giving or the neglect to give the notice required by sec. 1175; and the plaintiff need neither allege nor prove such notice. Sec. 4985, R. S.; *Durbin v. Platto*, 47 Wis. 484; *Manseau v. Edwards*, 53 id. 457.

For the respondent it was argued that the plaintiff was barred by sec. 1181, R. S., by his failure to commence his action at least three months before the expiration of six years from the day of sale. *Nichols v. Halliday*, 27 Wis. 406; Potter's Dwarris on Stat. 140, 141.

LYON, J. From the foregoing statement of facts it appears that the tax certificate in question was issued six years,— less four days,— before this action was commenced. The premises were continuously occupied by the defendant *Bond* during all that time, and no notice of application for a tax deed upon the certificate was ever served upon him, pursuant to the requirements of sec. 1175, R. S. That section requires the notice to be served three months prior to the execution of the deed. Sec. 1182 prohibits the issuing of a tax deed after the expiration of six years from the day of sale of the land for nonpayment of taxes. Hence, when this action was commenced, the plaintiff was not entitled, and could not entitle himself, to a tax deed upon such certificate.

Under these circumstances, can he maintain this action to foreclose such certificate. The circuit court resolved this question in the negative. Sec. 1181 provides that "the holder of any tax certificate may at his option, in lieu of

taking a tax deed, at any time after three years from the date of such certificate, and before he would be barred from demanding a tax deed thereon, foreclose the same by action, as in case of a mortgage upon real estate." Counsel for plaintiff contends that this proceeding, under the statute, to foreclose the certificate, being "in lieu of taking a tax deed," must necessarily dispense with the necessity of giving the notice required by sec. 1175. We are inclined to think this position is correct. It would seem to be a useless proceeding to give such notice when the holder of the certificate had already elected not to take a tax deed, but to foreclose the certificate. Yet the requirement of sec. 1181 remains, that the action must be commenced before the holder of the certificate is barred from demanding a tax deed thereon. This means, as a matter of course, that he must bring his action while he is entitled, or at least while he can entitle himself, to a tax deed. When this action was commenced, the plaintiff was not entitled to a tax deed, and could not entitle himself thereto. Before he could give the three months notice required by sec. 1175, the limitation of sec. 1182 would have run against his certificate. So, when he commenced this action, he was barred from demanding a tax deed on his certificate, and hence was barred from maintaining this action. We conclude that the circuit court ruled correctly in this behalf.

*By the Court.*— The judgment of the circuit court is affirmed.